**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:12CV-P638-H**

**JASON ONTERIA MASON**                                                                                 **PLAINTIFF**

**v.**

**KEIVN HUIGDON**                                                                                               **DEFENDANT**

**<u>MEMORANDUM OPINION</u>**

Plaintiff Jason Onteria Mason filed the instant *pro se* 28 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on the initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the action will be dismissed.

**I.**

Plaintiff was an inmate at the Louisville Metro Department of Corrections (LMDC) at the time he filed this suit.[1] He sues Keivn[2] Huidgon, whom he identifies as the Chief of Police of the Shively Police Department, in his individual and official capacities. As his statement of the claim, Plaintiff states, "My first admendment was violated. On Aug 25 '2012 J. Cheney and W. Singleton and M. Spalding Kevin Huigdon is, in charge of Shively P.D. I was arrested for Disorderly Conduct, 2 Degree." Plaintiff further states as follows:

> Spalding didn't places Police Sirens on nor was he behind me in a vehicle. As I was walking into the Speedway at 3800 Dixie Hwy Louisville Ky. Spalding approached

---

[1] Plaintiff recently filed a notice of change of address in which he indicates that he is no longer incarcerated at LMDC. The Court notes that the VINE Link website shows that Plaintiff is still in the custody of LMDC on work release. *See* www.vinelink.com.

[2] Plaintiff spells Defendant's first name as "Keivn" and "Kevin." He spells the first name as "Keivn" in the case caption and in the portion of the complaint where Defendants are to be listed. The Court therefore uses the spelling "Keivn" in the case caption.

>me. Speedway . . . is private property. As Spalding approached I asked for his delegation of Authority - Oath of Office and Jurisdiction. He didn't reply. I told him I didn't consent to the conversion. Then I was placed under arrest. I told Spalding he was kidnapping me. I was charged with 7 charges involving Disorderly Conduct 2nd degree.

As relief, Plaintiff seeks compensatory and punitive damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

The only Defendant named by Plaintiff is Huigdon. However, based on the allegations, Defendant Huigdon did not take part in Plaintiff's arrest. Plaintiff does not even allege that Defendant Huigdon was present for the arrest. To state a claim for relief, Plaintiff must show how each Defendant is accountable because that Defendant was personally involved in the acts about which Plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Here, Plaintiff fails to plead any specific wrongdoing committed by Defendant Huigdon.

To the extent that Plaintiff sues Defendant Huigdon, the Chief of the Shively Police Department, based on his supervisory authority, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors.

*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). As Plaintiff made no such allegation against Defendant Huigdon, all claims against Huigdon will be dismissed for failure to state claim upon which relief may be granted.

For the foregoing reasons, the action will be dismissed by separate Order.

Date:


cc: Plaintiff, *pro se*
      Defendant
4412.010